**UNITED STATES of America, Plaintiff-Appellee**

v.

**Raul RANGEL, also known as J. R., Defendant-Appellant**

**No. 16-11686**
**Summary Calendar**

United States Court of Appeals, Fifth Circuit.

Filed November 30, 2017

Shawn Lee Smith, Assistant U.S. Attorney, U.S. Attorney's Office, Northern District of Texas, Fort Worth, TX, James Wesley Hendrix, Assistant U.S. Attorney, U.S. Attorney's Office, Northern District of Texas, Dallas, TX, for Plaintiff-Appellee

Andrew Ottaway, Ottaway Law Office, Granbury, TX, for Defendant-Appellant

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM: *

Raul Rangel appeals the 365-month sentence of imprisonment imposed following his guilty plea conviction for conspiracy to possess with intent to distribute methamphetamine. He argues that the district court erred in attributing five kilograms of methamphetamine to him for sentencing purposes.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The PSR initially attributed a much larger quantity of methamphetamine to Rangel, but, at sentencing, the district court sustained his objection in part and attributed only five kilograms of methamphetamine to him. Rangel's failure to object to this lesser drug quantity or the resulting sentence results in plain error review. *See United States v. Fierro*, 38 F.3d 761, 773 n.4 (5th Cir. 1994). The district court's determination of drug quantity is a factual question. *United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005). The district court did not err in relying on the PSR, which was based on investigative reports and interviews of Rangel's co-defendants, or speculate as to the amount of methamphetamine attributable to Rangel. Therefore, the district court's finding of the applicable drug quantity in this case was not plain error.

AFFIRMED.